```
BETTY H. RICHARDSON
UNITED STATES ATTORNEY
GEORGE W. BREITSAMETER
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WELLS FARGO PLAZA, SUITE 201
877 WEST MAIN STREET
BOISE, IDAHO  83702
TELEPHONE:  (208) 334-1211
MAILING ADDRESS: P.O. BOX 32
  BOISE, IDAHO  83707
```

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal No. CR·00-150-S BLW |
| ) | |
| vs. ) | PLEA AGREEMENT |
| ) | |
| SALE TRUCKING, LLC, ) | |
| ) | |
| Defendant. ) | |

Pursuant to Rule 11(e)(1)(E) of the Federal Rules of Criminal Procedure, George W. Breitsameter, the undersigned Assistant United States Attorney for the District of Idaho, and the Defendant, SALE TRUCKING, LLC, through its representative, Ron Sale, have engaged in discussions and have reached an agreement which contemplates the entry of a plea of guilty to the

PLEA AGREEMENT - 1

Information charging the Defendant with violating the Clean Water Act, Title 33, United States Code, Sections 1311(a) and 1319(c)(1).

1. Upon acceptance of such plea of guilty, the attorney for the Government agrees not to prosecute SALE TRUCKING, LLC, or any of its employees for any other violations identified in the investigation. The Government would recommend to the court that a presentence investigation be prepared. The Government agrees to recommend to the Court at the time of sentencing that the Defendant, SALE TRUCKING, LLC, be put on probation for a period of not more than two years and that a fine of $10,000.00 be imposed. The Government will further recommend that the Consent Order executed on October 18, 2000, between the State of Idaho Department of Environmental Quality and SALE TRUCKING, LLC, be incorporated into said period of probation.

2. In order to establish a misdemeanor violation under the Clean Water Act, the Government must establish the following elements: (1) a person (2) knowingly/negligently (3) discharged through a point source (4) a pollutant (5) into a water of the United States (6) without or in violation of a permit.

If this case were to proceed to trial, the Government would establish that:

On November 22, 1999, Water Quality Inspector Michael Ingham of the Idaho Division of Environmental Quality responded to

*PLEA AGREEMENT - 2*

a complaint alleging that a large tanker truck had been dumping animal waste next to a stream near Upper Ridge in Canyon County, Idaho. While responding to the complaint, Inspector Ingham observed a truck discharging what appeared to be animal waste onto the ground, which then flowed into Renshaw Creek, a water of the United States. Inspector Ingham took photographs of the truck discharging the waste into Renshaw Creek. The license number of the truck revealed that the vehicle is registered to Ron Sale Trucking, Caldwell, Idaho. The next day, Ingham and Corporal Patrick Mooney of the Idaho State Police returned to the location of the discharge and took samples from both the stream and the residual waste left behind from the discharge.

On November 24, 1999, Corporal Mooney interviewed Ron Sale, the owner of Ron Sale Trucking, regarding the discharge of animal waste into the stream. Sale explained to Corporal Mooney that his company washes out cattle trucks as a commercial venture and accumulates the waste water in a large settling pond. Sale told Corporal Mooney that the waste is then land applied for use as fertilizer. During the interview, Sale provided information regarding his past contact with the City of Caldwell and his attempts to obtain permission from them to accept his waste. Sale advised that the technology was available to treat his waste for discharge into the publicly owned treatment works but he opted not to pursue this option as its cost was too great. Sale ultimately

*PLEA AGREEMENT - 3*

accepted responsibility for the discharge of waste into the stream by one of his employees.

The samples taken by inspector Ingham on November 23, 1999, were analyzed for total coliform, fecal coliform and E. Coli bacteria. The sample collected at the location of the discharge contained total coliform bacteria in a concentration of 540,000 milliliters per 100 milliliters. The sample collected downstream from the point of the discharge contained total coliform bacteria in a concentration of 3,500 milliliters per 100 milliliters. The sample collected upstream from the point of the discharge contained total coliform bacteria in a concentration of 920 milliliters per 100 milliliters. These sample results indicate that Renshaw Creek was still impacted by the dumping of animal waste a day after the incident.

3.  The Defendant states that it is aware of its right to the advice and presence of a lawyer in making this plea agreement. The Defendant states that it freely waives its right to legal representation and that it wishes to proceed without assistance of counsel.

4.  The Defendant states that it is aware of its absolute right to plead not guilty and persist in that plea; that it has a right to be tried by a jury and, at that trial, it has a right to the assistance of counsel. At trial, it has a right to require the Government to prove the entire case against it beyond a reasonable

*PLEA AGREEMENT - 4*

doubt; that it has the right not to testify against itself or not to be compelled to incriminate itself. Further, at trial, it would have the right to confront and cross-examine witnesses in its own behalf.

5.   The Defendant understands that by pleading guilty it waives the right to trial by jury; that no trial will, in fact, occur; and that the only thing remaining to be done in this case is the hearing at the time and date set for sentencing, at which only matters concerning the nature of the sentence to be imposed by the Court are to be heard and decided by the Court.

6.   The Defendant states to the Court that it is aware of the maximum penalty that could be imposed of not more than $25,000.00 per day of violation, for a total fine of $100,000.00.

7.   The Defendant further understands that the sentence to be imposed rests with the sole discretion of the Court, which will not be bound by the recommendations of the United States Attorney.

8.   The Defendant states that this agreement constitutes the entire agreement between the Defendant and the Government, and that no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the

*PLEA AGREEMENT - 5*

Defendant to do, or refrain from doing, anything in connection with any aspect of this case, including entering a plea of guilty.

9. The Defendant states that it has read this agreement; has been given a copy of this agreement for its file; and states that, to the best of its knowledge and belief, the Defendant understands this agreement.

10. The Defendant is aware of the special assessment charge of $25.00, pursuant to Title 18, United States Code, Section 3013. The Defendant agrees to pay the special assessment prior to or at the time of sentencing.

11. The Defendant agrees to provide all financial and other information as may be requested by the United States Probation and Pretrial Services for its use in preparing a presentence report. Failure to execute releases or to provide such financial and/or other information as may be required by the Probation and Pretrial Services shall constitute a violation of the terms of the Agreement and may subject the Defendant to an enhancement under Guidelines Section 3C1.1, or provide grounds for an upward departure under Guidelines Section 5K2.0, but shall not constitute grounds for withdrawal of the Defendant's guilty plea.

12. The Defendant hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which the Defendant has

*PLEA AGREEMENT - 6*

asserted or could assert to this prosecution and to the Court's entry of judgment against the Defendant. The waiver shall not include the imposition of sentence under Title 18, United States Code, Section 3742 (sentence appeals).

DATED this **28** day of November, 2000.

_____
Ron Sale for
SALE TRUCKING, LLC
Defendant


BETTY H. RICHARDSON
United States Attorney
By

_____
George W. Breitsameter
Assistant United States Attorney

*PLEA AGREEMENT - 7*